[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DOMESTIC RELATIONS ORDER
1. It is acknowledged that the State of Connecticut Teachers' Retirement System is a governmental retirement system, and so is not subject to Section 414(p) of the Internal Revenue Code regarding Qualified Domestic Relations Orders, nevertheless it does recognize valid orders of a court not inconsistent with the provisions of Chapter 167a of the Connecticut General Statutes.
2. This Domestic Relations Order (Order) assigns a portion of the benefits in the Connecticut State Teachers' Retirement System (the Plan) from Peter Meyer to Martha J. Meyer pursuant to Connecticut General Statute Section 46b-81.
3. Participant in the Plan is Peter Meyer, Plan Membership no. 070754, whose last known mailing address is P.O. Box 287, Easton, Connecticut 06612.
4. Alternate payee is Martha J. Meyer, Social Security CT Page 847 no. 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, whose last known mailing address is 81 Stepney Road, Redding, Connecticut 06896.
5. The Connecticut State Teachers' Retirement System is hereby ordered to assign 40% of Peter Meyer's present accrued benefits as of November 12, 1993 (28.3 credited years of service) to Martha J. Meyer. Present Accrued Benefit means the income to which the plan Participant is entitled to receive based on service rendered to November 12, 1993 and the average of the three highest years of salary to said date, payable at the time designated in the state statutes governing the Plan. Martha J. Meyer shall have the right to begin receiving benefit payments from the Plan as the same time benefit payments become payable to Peter Meyer, which shall be in the form designated by Peter Meyer, subject to the following restriction(s):
 Peter Meyer shall not elect a co-participant form of benefit payment.
6. In determining the benefit payable under this Order, the value of any employer subsidy for early retirement shall not be considered, however, Martha J. Meyer shall be entitled to any cost-of-living increases as a proportionate share of Martha J. Meyer's interest in the total benefit.
7. The 1% employee contribution will be paid to the Alternate Payee based on the election made by the Participant. If a lump sum distribution is elected by the Participant then Alternate Payee will receive the following amount: 40% of the accrued benefit (28.3 credited years of service) as of November 12, 1993. If an annuity election is made by the Participant then the Alternate Payee will receive the benefit pursuant to the formula established in Paragraph 5 above.
8. This domestic relations order is not intended to require the Plan to provide any type or form of benefits or any option not otherwise provided by the Plan, nor shall this Order require the Plan to provide for increased benefits not required by the Plan. This order does not require the Plan to provide benefits to Martha J. Meyer that are required to be paid to another alternate payee under another Order previously determined to be a valid domestic relations order.
9. All Benefits payable under the Plan other than those CT Page 848 payable to Martha J. Meyer shall be payable to Peter Meyer in such manner and form as he may elect in his sole and undivided discretion, subject only to Plan requirements.
10. Martha J. Meyer is ordered to report any retirement payments received on any and all appropriate income tax returns. The Connecticut State Teachers' Retirement System is authorized to issue any and all appropriate Internal Revenue forms or reports to the Internal Revenue Service for any direct payments made to Martha J. Meyer.
11. While is it anticipated that the Connecticut State Teachers' Retirement System will pay directly to Martha J. Meyer the benefit awarded to her, Peter Meyer is designated a constructive trustee to the extent he receives any retirement benefits under the Plan that are due to Martha J. Meyer but paid to Peter Meyer. Peter Meyer is ordered and decreed to pay the benefit defined above directly to Martha J. Meyer within three days after receipt of him.
Dated at Danbury, Connecticut on January , 1994.
Socrates H. Mihalakos, Judge